**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL GOODWIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-230 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon petitioner Michael Goodwin's fifth petition for writ of error *coram nobis* based upon newly discovered evidence. For the reasons set forth below, the petition will be denied.

**Background**

**A.  *Petitioner's Challenges to his Criminal Conviction***

On September 7, 2001, Goodwin pled guilty to Count I of the indictment which charged him with conspiracy to possess with intent to distribute more than 500 grams of cocaine and more than 50 grams of cocaine base in violation of 21 U.S.C. § 846. *United States v. Goodwin*, 4:01-CR-173 CEJ (E.D. Mo.).[1]  In the plea agreement, Goodwin stipulated that he was responsible for 15 to 50 kilograms of cocaine, "including relevant conduct."

---

[1] Goodwin was charged as part of a large drug conspiracy case involving 14 defendants. The indictment consisted of 10 counts. All 14 defendants were charged in Count I. Counts II through VIII described certain drug transactions committed by certain individuals involved with the conspiracy. Plaintiff was specifically charged in Count VII with possession with intent to distribute cocaine. The charge also listed a quantity of cocaine base. Plaintiff was sentenced by the Honorable Carol E. Jackson on November 30, 2001. After Judge Jackson retired from the federal bench, the undersigned was assigned petitioner's criminal action.

The plea agreement listed nine events that occurred during the course of the conspiracy in which cocaine or cocaine base was found, and it provided that these events could be considered relevant conduct. At sentencing, Goodwin objected to the inclusion of the nine events as relevant conduct in the presentencing report ("PSR"). The objection was overruled because Goodwin had stipulated to being responsible for 15 to 50 kilograms of cocaine.

According to the United States Sentencing Guidelines ("U.S.S.G."), the base offense level for more than 15 and less than 50 kilograms of cocaine was 34. U.S.S.G. § 2D1.1(a)(3). The Court applied this guideline and after adjustments, determined Goodwin's total offense level was 31. With a criminal history category of II, the guideline was 121 to 151 months' imprisonment. Goodwin was ultimately sentenced to a term of 151 months' imprisonment on November 30, 2001. Count VII, which charged Goodwin with possession with intent to distribute more than 50 grams of cocaine base, was dismissed pursuant to the plea agreement at the time of sentencing.

In May 2008, plaintiff moved the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the U.S.S.G., which lowered the base offense level for offenses involving cocaine base. The Court denied the motion after finding Goodwin's sentence was based on cocaine, not cocaine base. In August 2010, the Eighth Circuit Court of Appeals remanded plaintiff's case to this Court for findings of fact regarding the calculation for the quantity of drugs and whether such calculation included cocaine base making Goodwin eligible for a sentence reduction under the amended guidelines. Upon remand, the Honorable Judge Carol E. Jackson made specific findings of facts regarding the drug calculations underlying Goodwin's sentence and found that "[p]ursuant to the above findings of fact, the Court finds defendant is not entitled to a reduction pursuant to § 3582(c)(2) and the amendments to the sentencing guidelines

2

because he was not sentenced based on any amounts of crack cocaine." The Order further clarified that "[t]he defendant's sentence was based on cocaine (powder) and was not based on any amount of cocaine base. Therefore, he is not eligible for a sentence reduction." *United States v. Goodwin*, 4:01-CR-173 CEJ (E.D. Mo.), ECF No. 654. The judgment of the Court was summarily affirmed on appeal. *United States v. Goodwin*, No. 11-1080, (8th Cir. Feb. 23, 2011).

On January 9, 2009, Goodwin filed a petition for writ of mandamus against the Chief of the United States Probation Office Doug Burris attempting to assign blame against the Probation Office for its handling of defendant's objections to the Presentence Report. *Goodwin v. Burris*, No. 4:09-CV-83 DJS (E.D. Mo). In a thorough opinion recounting the history of Goodwin's criminal matter, the District Court denied Goodwin's application for writ on February 12, 2009. *Id.*

Plaintiff filed additional motions in his criminal action seeking to overturn his conviction and sentence. On August 2, 2011, Goodwin filed a motion for reduction of sentence pursuant to 18 U.S.C. 3582(c)(2). *United States v. Goodwin*, 4:01-CR-173 CEJ (E.D. Mo), ECF No. 696. On September 12, 2011, Goodwin filed a motion requesting the Court to take judicial notice of an adjudicated fact which reasserted his drug quantity miscalculation theory. *Id.* at ECF No. 699. Both motions were denied by the Honorable Carol E. Jackson in October of 2011. *Id.* at ECF Nos. 702 and 703. On November 14, 2011, Goodwin filed a motion for reconsideration, which was denied on February 7, 2012. *Id.* at ECF Nos. 704 and 705. Goodwin filed another appeal on February 22, 2012, and the Eighth Circuit summarily affirmed Goodwin's sentence. *United States v. Goodwin*, No. 12-1437 (8th Cir. 2012).

On November 17, 2011, Goodwin filed a petition for writ of mandamus against John G. Ross, a Senior United States Probation Officer. *Goodwin v. Ross*, No. 4:11-CV-2032 DDN (E.D. Mo.). The District Court denied the application for writ on February 7, 2012. *Id.*

On July 10, 2012, Goodwin filed a motion for retroactive application of sentencing guidelines to crack cocaine offenses pursuant 18 U.S.C. 3582. He asserted he was entitled to relief under the Fair Sentencing Act of 2010. The motion was denied on January 15, 2013. *United States v. Goodwin*, 4:01-CR-173 CEJ (E.D. Mo), at ECF Nos. 719 and 738. On October 21, 2013, Goodwin filed a motion to withdraw his guilty plea due to his claim of drug quantity miscalculation, which was denied on December 16, 2003. *Id*. at ECF Nos. 740 and 746. Goodwin filed a motion for reconsideration of the order on December 27, 2013, which was denied on February 3, 2014. *Id*. at ECF Nos. 747 and 748. Goodwin appealed the Court's Order on February 7, 2014, and the Eighth Circuit summarily affirmed the District Court's ruling on May 8, 2014. *United States v. Goodwin*, No. 14-1386 (8th Cir. 2014).

On November 5, 2022, Goodwin filed a motion to vacate pursuant to 28 U.S.C. § 2255. *Goodwin v. United States*, No. 4:02-CV-1709 DJS (E.D. Mo.). Goodwin argued his counsel was ineffective for failing to file a motion for competency review and determination. Goodwin contended he suffered from "seizure disorder, pain disorder and schizophrenic disorder." He also asserted that the Court violated his due process rights by taking his guilty plea without an adequate determination of his competence, and that his diminished capacity warranted a downward departure from the sentencing range prescribed by the Sentencing Guidelines. The Court addressed the merits of Goodwin's arguments and denied and dismissed his motion to vacate on April 16,

2003. *Id.* The Eighth Circuit Court of Appeals denied Goodwin's application for certificate of appealability on October 31, 2003. *Goodwin v. United States*, No. 03-2687 (8th Cir. 2003).

> **B.** ***Petitions for Writ of Error Coram Nobis***

On January 4, 2016, Goodwin filed his first petition for writ of error *coram nobis*, seeking to have his federal judgment vacated because the indictment was defective and because his plea agreement was ambiguous. *Goodwin v. United States*, 4:16-CV-7 SNLJ (E.D. Mo.). The Court denied his petition on the merits on January 28, 2016. *Id.* The Eighth Circuit Court of Appeals summarily affirmed the denial of the petition on March 8, 2016. *Goodwin v. United States*, No. 16-1368 (8th Cir. 2016).

On January 2, 2018, Goodwin filed a second petition for writ of error *coram nobis*, again seeking to have his federal judgment vacated. *Goodwin v. United States*, No. 4:18-CV-11 CDP (E.D. Mo). Goodwin argued the indictment was defective because it was the conspiracy count that derived from all of the other dismissed counts. He asserted that he could not have plead guilty to Count I of the indictment or stipulated to the relevant conduct without the effects of Count VII. The Court denied and dismissed the petition for writ on March 13, 2018. *Id.*

 On July 9, 2019, Goodwin filed a third petition for writ of error *coram nobis*, raising the same issues as his prior motions and petitions. *Goodwin v. United States*, No. 4:19-CV-1893 HEA (E.D. Mo.). Goodwin sought to have his plea agreement "found to be void because of a lack of specificity in the amount of drugs for which he was sentenced." The court denied Goodwin's petition after finding that he was not presenting newly discovered evidence that supported his claim but rather was arguing that he was entitled to relief based on a previously disallowed basis.

The Eighth Circuit Court of Appeals summarily affirmed the denial of the petition on June 28, 2021. *Goodwin v. United States*, No. 21-1759 (8th Cir. 2021).

On September 8, 2021, Goodwin filed another petition for writ of error *coram nobis* in his closed criminal case. *See* 4:01-CR-173-RWS (E.D. Mo.). He sought to have his plea agreement found to be void due to an alleged ambiguity. He alleged he was harmed by the ambiguity because his motion for a reduction of sentence was denied. The Court, again, dismissed his petition because he argued issues which had already been raised and decided on numerous occasions. *Id.* at ECF No. 770.

The Court also notes that Goodwin has filed several civil rights actions related to his criminal case, which have all been denied for failure to state a claim and/or legal frivolousness. *See Goodwin v. United States*, No. 4:13-CV-636 CDP (E.D. Mo. Apr. 3, 2013); *Goodwin v. Jackson*, No. 4:17-CV-2556 RLW (E.D. Mo. Oct. 10, 2017), *aff'd Goodwin v. Jackson*, No. 17-3699 (8th Cir. 2018); *Goodwin v. Perry*, No. 4:18-CV-677 JCH (E.D. Mo. Apr. 30, 2018) ("[Goodwin's] amended complaint, styled as a § 1983 civil rights action, is at least the fourth iteration of his claim asserting that the Court should overturn his allegedly unconstitutional conviction of 2001"); and *Goodwin v. United States*, No. 4:22-CV-452 PLC (E.D. Mo. Apr. 19, 2022).

## Discussion

In the instant action, petitioner asserts the same arguments he previously made in his petitions for writ of error *coram nobis*, and other similar motions. He argues, once again, that the indictment had a "discrepancy at count seven" and he was harmed because "this Court refused to grant his motion for relief to reduce his sentence by 31 months when other federal inmates received

the benefit of the crack reduction in their sentences." ECF No. 1 at 1-2. Goodwin then refers to "newly discovered evidence," which he describes as a letter from his attorney "acknowledging that count seven is crack but that he has no memory as to how it was calculated" and a "statement by the government that the plea agreement 'lacked specificity' as to how the drugs were calculated." *Id.* at 4. Thus, Goodwin states that he is seeking a petition for writ of error *coram nobis* to reverse his conviction.

Federal Courts have authority to issue a writ of error *coram nobis* under the All Writs Act, 28 U.S.C. § 1651(a). *Coram nobis* is an "extraordinary remedy," and should only be used in extraordinary circumstances. *Kerr v. U.S. Dist. Court for the Northern Dist. of California*, 426 U.S. 394, 403 (1976). "*Coram nobis* relief has been called the criminal-law equivalent of the Hail Mary pass in American football." *Baranski v. United States*, 880 F.3d 951, 954 (8th Cir. 2018) (citing *United States v. George*, 676 F.3d 249, 251 (1st Cir. 2012)). This is because "[t]he further a case progresses through the remedial steps available to a criminal defendant, the stiffer the requirements for vacating a final judgment. . . . The writ of error *coram nobis* lies at the far end of this continuum." *Id.* (quoting *George*, 676 F.3d at 258). Given that *coram nobis* relief is at the far end of the remedial spectrum and is subject to the stiffest requirements for vacating a judgment, the requirements for obtaining *coram nobis* relief cannot be less stringent than those required for § 2255 relief. *Id.* at 956.

To obtain *coram nobis* relief, a petitioner must present "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review

7

by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also Baranski v. United States*, 880 F.3d 951, 957-58 (8th Cir. 2018) (applying the substantive standard set forth in 28 U.S.C. § 2255(h) when reviewing the merits of a *coram nobis* petition filed by a petitioner whose § 2255 motion was denied while the petitioner was in custody).

Goodwin's arguments here are nothing but a reiteration of his prior filings before both this Court and his appeals to the Eighth Circuit. Goodwin's assertions have been denied in his motion for reduction of sentence based on Amendment 706, as well as his four prior petitions for writ of error *coram nobis*, and appeals with the Eighth Circuit. As was explained fourteen years ago:

> Goodwin has made repeated efforts to have his sentence reduced, by motions of various types filed in both the closed criminal case and the closed civil proceeding on his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255. *See Michael Goodwin v. United States*, 4:02CV1709-DJS.
>
> A theme of sorts emerges from some of these filings, and the petition now before the Court, focusing on Count VII of the indictment and a discrepancy in its references to cocaine versus crack cocaine. Count I of the indictment makes reference to a controlled substance conspiracy involving "'crack' (cocaine base) **and/or** cocaine." *See United States v. Goodwin*, 4:01CR173-DJS, Indictment [Doc. #1], p.2 (emphasis added). As this Court has explained, in the order denying Goodwin's motion for resentencing based on the retroactive amendments to the Sentencing Guidelines for crack offenses, Goodwin was sentenced based on his stipulation and plea agreement that he was responsible for more than 15 and less than 50 kilograms of **cocaine**, resulting in a base offense level of 34. *See United States v. Goodwin*, 4:01CR173-DJS, Order of August 26, 2008 [Doc. #618], p.2, and Stipulation and Agreement Relative to Sentencing [Doc. #312], p.5.

*Goodwin v. United States*, 4:09-CV-83-DJS (E.D. Mo. Feb. 12, 20009) (emphasis in original). Goodwin has failed to overcome the presumption that the underlying proceedings were correct as he does not present any newly discovery evidence that would support his claim. He has merely argued that he is entitled to relief based on the same previously asserted basis, one that has been considered and disallowed on numerous prior occasions. As a result, petitioner has failed to show

that he was denied a fundamental right pursuant to the standard set forth in § 2255(h), and the petition will be denied without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Michael Goodwin's Petition for Writ of Error Coram Nobis Based Upon Newly Discovered Evidence [ECF No. 1] is **DENIED**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 17th day of March, 2023.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE